FERNALD et al. v. WALKER.

(Supreme Court, Trial Term, Montgomery County. February, 1914.)

Costs (§ 66*)—Amount—Extra Allowance—Actions in Which Authorized —"Appointed under Authority of the State."

    Highway Law (Consol. Laws, c. 25) § 11, creates a state commission of highways, to be appointed by the Governor; section 129 provides that the commission, upon receipt from the supervisors of a resolution requesting the construction or improvement of a highway, shall proceed with such construction or improvement; and section 130 provides that this shall be done by contract. *Held,* that an action for damages from interference with and injury to water pipes laid in a highway against a person proceeding under a contract with the state for the improvement of the highway, under the direction of the commission of highways, was based on an act done by the command of a public officer appointed under the authority of the state, within Code Civ. Proc. § 3258, providing that a successful defendant is entitled to the costs otherwise recoverable, and in addition thereto one-half thereof where the action is brought against the defendant by reason of an act done by the command of a public officer appointed or elected under the authority of the state.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 277–285; Dec. Dig. § 66.*]

Action by George A. Fernald and others against Joseph Walker. On application by defendant for a certificate for increased costs. Certificate granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George E. Phillips, of Ft. Plain, for plaintiffs.
Eugene D. Flanigan, of Albany, for defendant.

WHITMYER, J. This action was brought by plaintiffs to recover damages from defendant because of interference with and injury to certain water pipes belonging to plaintiffs and laid in a certain county highway, situate in the town of Minden, county of Montgomery, state of New York. Defendant has succeeded in the action, and now asks for a certificate, under section 3248 of the Code of Civil Procedure, for the increased costs allowed by section 3258 of the Code. That section provides in effect, and so far as material here, that a defendant in whose favor a final judgment is rendered in an action, wherein the complaint demands judgment for a sum of money only, is entitled to recover the costs prescribed by section 3251 of the Code, and, in addition thereto, one-half thereof where the action was brought against the defendant by reason of an act done by the command of a public officer appointed or elected under the authority of the state, or in his aid or assistance, touching the duties of his office or appointment.

The answer alleged, it was shown on the trial, and it is conceded, that the acts of defendant were done under the provisions of a certain contract, made by defendant with the state of New York, for the improvement of the highway in which said pipes were laid, which provided that the work to be done thereunder should be under the supervision and direction of the state commission of highways. The Highway Law, in effect at the time, was contained in chapter 30, Laws of 1909 (Consol. Laws, c. 25), which is identical in its provisions with chapter 330, Laws of 1908. That revision was more than a consolidation or codification of existing general laws relating to highways. As stated in the preface to the Highway Code of the state of New York:

"It does more than revise and codify existing laws; it originates new methods of state and county administration of highway affairs; it logically and effectively unites centralization with local control and responsibility, on the one hand, by creating a state commission with full power to aid, supervise, and direct the local officer in administering highway affairs in his locality, and, on the other, by preserving to the local officer all his power and responsibility in respect to local conditions and the expenditure of town and county funds."

The law, as it stands, unites centralization with local control and responsibility, and the commission is the central authority. Section 11 of the law provides that the state commission of highways shall consist of three commissioners of highways, who shall be appointed by the Governor, by and with the advice and consent of the senate. The method of appointment is prescribed by section 7 of the Public Officers Law (Consol. Laws, c. 47). The commissioners are public officers, and as a body perform the work of a public officer. Section 15 of the law prescribes the general powers and duties of the commission; section 16 requires it to divide the state into divisions, and to appoint and assign a division engineer to each division; and section 17 prescribes the general duties of division engineers.

The highway in question was a county highway. The procedure for the construction and improvement of such a highway is detailed in article 6, sections 122 to 134, both inclusive, of the law. Section 129, first paragraph, provides, in effect, that the commission shall, upon the receipt from the board of supervisors of a resolution requesting the construction or improvement of such a highway, proceed with such construction or improvement, as provided in said article; and section 130 provides that the same shall be done by contract. The commission is charged with the construction or improvement of the highway, after the preliminary steps have been complied with, and after the adoption of a resolution by the board of supervisors requesting the same. These are duties of the office, and the commission is required to discharge them by means of a contract for the same. This must be prepared and let by the commission. While the contractor is required to perform in accordance with the contract and plans and specifications, his work is, nevertheless, subject to the approval of the commission and must be accepted by it. The contractor, in performing his contract, is acting in aid and assistance of the commission with reference to matters touching the duties of the commission.

It seems to me, therefore, that the certificate must be granted.